(No. 2287—

CITY OF WOOD RIVER, ILLINOIS, A MUNICIPAL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 8, 1936.*

FRANCIS J. MANNING, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The amended complaint was filed in this cause on February 15, 1934, and charges that the City of Wood River, Illinois, is organized under the provisions of the "City and Village Act" and is located in Wood River Township, Madi-

son County, Illinois, and was so organized on the 5th day of March, 1923, being formerly a village with a population of approximately 8,500; that on or about the 17th day of November, 1921, the Highway Department in the State of Illinois, routed all traffic traveling along Route No. 3, over certain public streets within the corporation limits of Wood River, Illinois, and alleged that such streets, naming them in detail, have been improved by the City of Wood River, in accordance with the specifications of the State Highway Department and pursuant to law.

Claimant further charges that the State Highway Department had erected signs, designating said streets as the official Route No. 3, and further charges: "Claimant further represents unto the court that during the year 1929 said city was advised that refunds from the State of Illinois were being given the various cities for certain portions of the pavement constructed under State specifications for a certain portion of the center of the highway; and that said city requested a refund, but as there was no appropriation to pay same, the refund was never received."

It is further alleged that on March 3, 1931, the Honorable James O. Monroe, State Senator from the 47th District, introduced Senate Bill No. 178 in the 57th General Assembly, which bill was for the purpose of making a refund on account of the construction of pavement along Route No. 3 in the City of Wood River; that said proposed bill contemplated an appropriation in the sum of $50,513.15; that said bill was referred to the Committee on Appropriations, and a hearing was had upon the bill, but the committee to which the bill had been referred had never made a report thereon.

It is further averred that on or about the 12th day of April, 1933, said Honorable James O. Monroe, State Senator from the 47th District, introduced Senate Bill No. 488, in the 58th General Assembly, which bill was for the purpose of making a refund on account of the construction of pavement along Route No. 3 in the City of Wood River; that this bill called for an appropriation of $57,575.80.

It is further set forth in the complaint that the claimant had been informed by the officials of the Highway Department of the State of Illinois, that Wood River was not en-

titled to a refund for the reason that the routing through the city was only temporary and the official route, when constructed, would not be constructed within this portion of the city limits.

It is further charged that on or about November 20, 1922, the Highway Department of the State of Illinois, routed all traffic along Route No. 159 over certain public streets, within the corporate limits of and controlled and maintained by the City of Wood River.

It is also charged that signs bearing the route number were erected along this portion of the highway, or numbers bearing the route number were painted upon poles, etc., but the Highway Department at all times maintained that the route was only temporary, and it is further charged that the city has been damaged by the routing of traffic over the aforesaid Routes No. 3 and No. 159 because of the proximity of the said City of Wood River to St. Louis, Missouri, there has been caused abnormally heavy traffic to travel over said streets, from Alton, and all other points beyond or connecting between, traveling to the City of St. Louis, Missouri, and all other points beyond or connecting between, and claimant prays that this court will enter an order recommending to the State Legislature that an appropriation be made in the sum of $100,000.00 on the two above mentioned routes, said amount being equal to the cost of the pavement of the same width and type built by the State of Illinois, outside the corporate limits, and it is charged that said money would be so distributed to each person who, at the time such distribution is made, owns property which was assessed for the construction of said pavement, in proportion to the amount so assessed against such property.

The Attorney General has made a motion to dismiss this claim. The gist of the charge of this case is that the State has caused more traffic to be routed over the route mentioned than the citizens of Wood River would have had had such routes not been so designated, thereby causing damages to the abutting property owners. No authorities are cited, and we do not believe that any could be cited, upholding such a proposition of law. No private property has been taken, and manifestly, when streets are improved in the city, the improvement must be done for the use of all who have an occa-

sion to use the streets. It seems clear that these improvements were not made at the request of the State Highway Department, nor does it seem that the State contemplates their permanent use. Apparently, these were public highways before the improvement, and consequently, the public would be entitled to use them. The fact that an unusual large number of people use the highway, in common, does not give a cause of action by a municipality for such use.

In the case of *Law* vs. *Neola Elevator Co.*, 281 Ill. 143, the Supreme Court said: "The test of a public highway is not as to the limited use to which the road may be subjected nor as to the number of people that may use it, but rather as to the right of the public to use it as a road when they have occasion to do so."

Apparently, there have been two bills introduced in the Legislature to provide funds for the purpose averred in the complaint but in neither instance has the Legislature made the appropriation requested.

No questions of law are involved and no private rights have been invaded of which this court has any jurisdiction. We must, therefore, sustain the motion of the Attorney General and the complaint is hereby dismissed.